JORDAN ET AL., APPELLANTS, *v.* ANDRUS ET AL., RESPONDENTS.

(No. 1,705.)

(Submitted June 2, 1902.  Decided June 13, 1902.)

*Municipal Indebtedness — Constitutional Limitation — Construction.*

Constitution, Art. XIII, Sec. 6, forbids the contracting of municipal debts "to an amount, including existing indebtedness, in the aggregate exceeding three per centum of the value of the taxable property." *Held,* that "indebtedness," as used therein, meant what a city owed, irrespective of demands which it might hold against others.

*Appeal from District Court, Custer County; C. H. Loud, Judge.*

INJUNCTION by W. A. Jordan and others against W. W. Andrus and others. From an order dissolving an interlocutory injunction, plaintiffs appeal. Reversed.

*Messrs. Strevell & Porter,* and *Mr. Geo. W. Farr,* for Appellants.

*Mr. George W. Myers,* and *Mr. Sydney Sanner,* for Respondents.

It is claimed by appellants that the indebtedness of the city on July 1, 1901, was $22,500. It certainly cannot be successfully maintained in a court of review that cash on hand and other available assets of the city in the nature of uncollected and collected taxes representing so much money cannot be deducted from such indebtedness or at least from that part of such indebtedness as is represented by outstanding warrants given for current expenses and known as the floating debt or indebtedness of the city, for the purpose of arriving at or determining such indebtedness within the meaning of the constitutional provision limiting the indebtedness of cities. We cite the following authorities which we think conclusive of the question: *German Ins. Co.* v. *Manning,* 95 F. 597; *State* v. *Hopkins,* 44 Pac. 550; *Graham* v. *City of Spokane et al.,* 53 Pac. 714; *Kelley* v. *Pierce Co.,* 46 Pac. 253; *Mullen* v. *Sackett,* 44 Pac. 136; *State ex rel. Barton* v. *Hopkins,* 44 Pac. 134; *State* v. *McCauley,* 15 Cal. 430; *Hopkins* v. *Commissioners,* 16 Cal. 249; *People* v. *Pacheco,* 27 Cal. 207; *Dively* v. *City of Cedar Falls,* 27 Iowa, 227; *Grant* v. *City of Davenport,* 36 Iowa, 396.

In the case of *French* v. *City of Burlington,* 42 Iowa, 614, the court held that not only taxes assessed for the current year can be treated as a part of the cash assets of a municipality, but taxes unpaid assessed for prior years should be treated as a part of such cash assets, and should be so considered in determining the indebtedness. In the case of *State ex rel. Barton* v. *Hopkins,* 44 Pac. 134, it was held by the court that the cash assets of the county should be deducted from the outstanding

indebtedness for the purpose of determining the amount of such indebtedness, within the meaning of the constitutional provision limiting the indebtedness to be incurred by counties. It was also held in the same case that taxes assessed for county purposes upon the tax roll for the current year should be deducted from the floating debt of the county to determine the amount of its indebtedness, within the meaning of a provision of the constitution limiting the indebtedness of the county, and it was further held by the court in the same case that a deduction should be made for the amount of unpaid taxes upon the tax rolls assessed for prior years. So we think reason and the authorities alike declare that cash on hand as well as all other available assets of the city, either in money or the way of collected or uncollected taxes, should be deducted from the outstanding warrants or floating indebtedness of the city, to ascertain the amount of such indebtedness within the meaning of a provision limiting the indebtedness to be incurred by cities.

Section 6 of Article XIII of the Constitution, after prescribing the limit of indebtedness, says: "and all bonds or obligations in excess of such amount   *   *   *   shall be void." Can these plain words be construed to enjoin an entire issue if only a very small fraction thereof should exceed the limit? We think not. We believe we have demonstrated to the court that the entire issue would create no excess; but if the court should hold that the proposed issue would exceed the limit, then we contend that under the constitution only that portion which exceeds the limit should be enjoined and the balance sustained, if otherwise valid. It is well settled that where bonds are issued or proposed for a greater amount than allowable by law, they will be sustained up to the amount so allowed. (*Sutro* v. *Pettit,* 74 Cal. 832; *Sutro* v. *Rhodes,* 92 Cal. 117; *Finlayson* v. *Vaughn,* 54 Minn. 331.)

MR. JUSTICE PIGOTT delivered the opinion of the court.

This is an appeal from an order dissolving an interlocutory injunction.

On July 15, 1901, the plaintiffs, as taxpaying inhabitants of Miles City, Montana, commenced an action, the object of which is perpetually to enjoin the defendants, as mayor, aldermen, and clerk of the city, from signing, sealing, issuing or delivering certain "City Hall Bonds" for $8,000, voted at an election held on April 1, 1901.

One of the grounds upon which the injunction is prayed is that the proposed issue of bonds would create an indebtedness in excess of three per centum of the total assessed value of the taxable property in the city, according to the last preceding assessment. This is the only question we need consider.

The material allegations of the complaint with reference to this matter are made positively, as of the knowledge of the plaintiffs, and the verification is sufficient. Upon the complaint the court granted a temporary injunction, which, after a hearing, was dissolved on motion of the defendants, and the plaintiffs appeal.

The constitution ordains and the statute provides that no city can become indebted to an amount exceeding three per centum of the valuation of the taxable property therein, as shown by the last assessment previous to the incurring of such indebtedness; section 6 of Article XIII: "No city, town, township or school district shall be allowed to become indebted in any manner or for any purpose to an amount, including existing indebtedness, in the aggregate exceeding three per centum of the value of the taxable property therein, to be ascertained by the last assessment for the state and county taxes previous to the incurring of such indebtedness, and all bonds or obligations in excess of such amount given by or on behalf of such city, town, township or school district shall be void: *provided, however,* that the legislative assembly may extend the limit mentioned in this section, by authorizing municipal corporations to submit the question to a vote of the taxpayers affected thereby, when such increase is necessary to construct a sewerage system or to procure a supply of water for such municipality which shall own and control said water supply and devote the revenues derived therefrom to the payment of the debt;" sec-

tion 4800 of the Political Code: "The city or town council has power: * * * (64) * * * To contract an indebtedness on behalf of the city or town upon the credit thereof, by borrowing money or issuing bonds for the following purposes, to-wit: Erecting public buildings. * * * The total amount of indebtedness authorized to be contracted in any form must not at any time exceed three per centum of the total assessed valuation of the taxable property of the city or town, as ascertained by the last assessment for state and county taxes. * * *"

According to the last assessment (1900), the total value of taxable property in Miles City was $968,829. Three per centum of that value is $29,064.87. On the first day of July, 1901, the city was indebted on outstanding bonds and warrants in the sum of $22,500,—perhaps more. If the amount of the proposed indebtedness be added, the total indebtedness will be $30,500,—an excess over the constitutional limit of $1,435.13. But the defendants assert that the following enumerated assets of the city should be deducted from the indebtedness: Cash on hand, $815.02; claim against Custer county for road taxes collected for the city, $1,065; amount due from abutting landowners for sidewalks, $475,—a total of $2,355.02. If this be deducted from the $30,500, the indebtedness, including the proposed $8,000, would be $28,144.98, or $919.89 less than the prescribed limit. It is not now necessary to determine whether the $815.02 cash on hand may be deducted, and we reserve the question. Suffice it to say that the other two items, amounting to $1,540, are not to be used in reduction of the city's indebtedness. Deducting the cash, but not the claims for road taxes and sidewalks, the limit of indebtedness is exceeded by $620.11. The constitutional prohibition is plain, and not easily misunderstood. Notwithstanding the many decisions rendered by courts of great learning and high respectability to the contrary, we hold that within the purview of Section 6 of Article XIII, *supra,* "indebtedness" means what the city owes, irrespective of the demands it may hold against others. Similar salutary provisions of organic law have often been frittered away, disre-

garded or perverted by means of strained and unnatural inter-
pretations. We refuse to follow them. A private person who
owes $10,000 and at the same time has assets of the value of
$100,000, is indebted to the former amount. His net financial
worth is $90,000; but the fact that his bills receivable are
greater than his liabilities does not and cannot cancel the debt.
So with the city.

Not all the $8,000 indebtedness proposed to be incurred
would be without the three per centum limit. But the object
for which the bonds were voted is single. The debt would be
indivisible, and the part within the limit is not separable from
that without.

.The order appealed from is reversed, and the cause is re-
manded for further proceedings.

*Reversed and remanded.*